GEORGE A. LEARNED *vs.* ISRAEL HAMBURGER & another.
ISRAEL HAMBURGER & another *vs.* GEORGE A. LEARNED.

Suffolk. April 11, 1923. — May 28, 1923.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Sale. Contract,* Construction, Performance and breach, Rescission. *Practice, Civil,* Findings by judge. *Damages,* For breach of contract.

A judge hearing an action without a jury is not bound to believe even uncontradicted evidence and can accept or reject in whole or in part the testimony of the witnesses before him.

In an action by a manufacturer of shoes against a wholesale dealer and jobber for breach of a contract to accept and pay for a large quantity of shoes, the following among other facts appeared: On April 25, 1918, the defendants placed orders with the plaintiff for seven pairs of each of nine styles of shoes. All these orders bore the words, " All cases on above to run no poorer than sample submitted," and two of the orders specified a certain kind of leather. Later on the same day the defendants gave a second series of orders for eleven hundred cases of shoes of the same general character as those previously ordered, but saying nothing about samples or kind of leather, and containing a provision that " this order is placed subject to details, quality and delivery as stated. Any unfilled portion of same is to be considered cancelled if not delivered by " the dates specified, which varied on the different orders from August 1 to September 1, 1918. Shipments were delayed and on October 19, 1918, the defendant by letter purported to cancel the contract, having received a large number of cases of shoes under it without objection, except as to a few cases which were returned on account of imperfect finish and for which the plaintiff gave him credit. A judge, who, without a jury, heard the action, found for the plaintiff and, on exceptions by the defendant, it was *held,* that

(1) Findings and rulings that the large orders were not limited as to make of leather and that the sales were by description and not by sample, were not erroneous as matter of law;

(2) A finding, that the only warranty shown by the facts was an implied warranty that the shoes were of merchantable quality, was not unwarranted as a matter of law;

(3) Rulings by the judge that, if that warranty was broken, "the damages consist of the difference between the actual value of the article sold and the value of the same article if it had been such as the vendor warranted it to be," and that "the application of this rule is not changed nor modified by the fact that a purchaser of a warranted article has sold it for the same or even a greater price than that which he paid for it," were correct;

(4) A finding, that the contract requirements as to dates of delivery had been waived, made requests for rulings regarding the effect of delay in delivery immaterial;

(5) As the letter of October 19, purporting to cancel the contract, contained no reference to any right of rescission nor offer to return preceding deliveries, and both before and after the order of cancellation the defendants constantly offered the shoes for sale and sold "the great majority of the cases" to their customers, no rescission was effected;

(6) The defendant, having sold part of the shoes, could not rescind the contract;

(7) While mere acceptance of the shoes did not waive breach of the implied warranty of merchantability, failure of the defendant to give to the plaintiff within a reasonable time notice of such breach as to a portion of the goods prevented his holding the plaintiff for damages resulting from such breach as to those goods;

(8) Findings by the judge as to what notice in the circumstances would have been reasonable were findings of fact and could not be revised;

(9) Requests for rulings relating to rights of the defendant to cancel and rescind the contract and to return goods received thereunder properly were denied by reason of the findings made as to acceptance and the failure effectually to rescind;

(10) On the findings, G. L. c. 106, § 33, cl. 1, was not applicable;

(11) Title having passed to the defendant, he was not entitled to recover as an element of damage the cost of insuring or storage of his own goods.

CROSS ACTIONS OF CONTRACT for breach of an agreement for the manufacture and sale of shoes. Writs dated, respectively, November 15 and November 29, 1919.

The first action was by Learned, a shoe manufacturer (referred to as the plaintiff in the opinion), against a firm doing business under the name, Hamburger Brothers (referred to as the defendants), wholesale shoe dealers and jobbers. The first count of the declaration (as well as the fourth count subsequently added) was on an account annexed for a large number of cases of shoes including one item of $13,775.85 under date of November 1, 1918. The second count set out an agreement made on April 25, 1918, by the

Hamburgers to buy eleven hundred cases of shoes to be manufactured by Learned, and the refusal of the Hamburgers to carry out the agreement. The third count set out a similar agreement on September 4, 1918, to buy one thousand cases of shoes, followed by a similar refusal.

The second action was by Hamburger Brothers against Learned. The first count of the declaration set out an agreement made on April 25, 1918, by Learned to manufacture for the Hamburgers one thousand, one hundred and twenty-five cases of shoes of nine different varieties, and alleged that Learned broke the agreement in part by delivering inferior goods of a wholly different quality and description, and in part by failing to deliver any shoes at all. The declaration repeated the same allegations as to each of the nine different varieties of shoes in nine additional counts.

Both actions were referred to Henry T. Lummus, Esquire, as auditor. Upon his appointment to the Superior Court, the parties agreed to submit the case to his decision as judge of that court upon the evidence, requests for rulings and findings and arguments previously presented to him as auditor, it being understood that exceptions should be taken as having been saved wherever rulings or evidence were objected to.

The trial judge found that on April 25, 1918, the defendants placed orders in writing with the plaintiff for seven pairs, later increased to twelve pairs, of each of nine styles of shoes at stipulated prices per pair. All these orders bore the words " All cases on above to run no poorer than sample submitted." The seven or twelve pairs thus ordered were only part of a case of shoes and were intended to be used by the defendants as samples from which they were to take orders from retailers. In two instances the orders contained above the description of the leather to be used the word " Foederer," which was the trade name of a certain well known make of kid leather. A " case " of shoes contains thirty-six pairs. On the same day the defendants gave a second series of orders for eleven hundred cases of shoes of the same general character as those previously ordered. Nothing was said in the large orders about samples or about the

kind of leather. The large orders contained the provision that " this order is placed subject to details, quality and delivery as stated. Any unfilled portion of same is to be considered cancelled if not delivered by " several delivery limits set forth in each order.

The judge's findings included a tabulated statement showing details with respect to each of the nine kinds of shoes ordered, and also in a similar manner the following results:

Cases ordered by Hamburger. . . . . . . . . . . 1,100
Cases cut by Learned . . . . . . . . . . . . . . 923
Cases cut by Learned but never delivered . . . . 342
Cases delivered but returned to Learned . . . . 13
Cases sold by Learned to others . . . . . . . . 263
Cases in Learned's possession November, 1920 . . 90
Cases delivered to Hamburger and not returned . 568
Cases in Hamburger's possession November, 1920  264½
Cases paid for by Hamburger . . . . . . . . . 238
Cases retained by Hamburger and not paid for . . 330
Cases included in declaration but balanced by credits 13
Cases included in first count in the first action for
    which Learned seeks to recover . . . . . . . 419

The judge also found that the seven pairs, later changed to twelve pairs, made up in fulfilment of the small orders of April 25, 1918, were not " samples " as between the parties and that neither party contended that the shoes used by the defendants as samples differed from the shoes delivered under the large orders. He also found that the large order was not limited as to the make of leather, and stated that the damages which he later allowed the defendants covered all defects or want of merchantable quality in respect to leather.

The orders contained delivery limits varying from August 1, to September 1, 1918, but the judge found that the parties had waived these provisions, and that the defendants, under G. L. c. 106, § 37, " accepted " all the shoes which were delivered to them with the exception of thirteen cases returned to and credited by the plaintiff, but that such accept-

ance did not prevent the defendants from enforcing rights founded upon a breach of warranty; that the only warranty which existed in this case was the implied warranty by the plaintiff to the defendants that the shoes should be " merchantable quality." The defendants were found to have accepted the shipments as they came in, with the exception of a few cases which were returned with a complaint that the dressing was imperfect.

The judge further found that, except as to certain plum colored shoes, the first notice to the plaintiff of a breach of warranty was given on October 19, 1918, when the defendants sent notice of cancellation of contract; that the defendants had failed to give such notice within a reasonable time under G. L. c. 106, § 38, as to all plum colored shoes shipped before September 1, 1918, and as to all other shoes shipped after September 19, 1918, and that, therefore, the defendants could not avail themselves of any such breach as to goods shipped earlier than those dates.

There also were findings that certain kinds of the shoes were merchantable and that as to them there was no breach of warranty; that in other cases limiting the plaintiff's responsibility to the dates previously mentioned, the plaintiff was bound to allow the defendants damages for breach of warranty on a large number of specified cases at rates varying from forty cents to eighty cents a pair, and that since interest was to be computed on the plaintiff's recovery of the price, interest should also be computed on the defendants' damages thus ascertained.

Further findings were that the plaintiff had manufactured a large quantity of shoes for the defendants under the contract, which it had on hand at the time of cancellation to the value of $13,775.85, but that, inasmuch as the legal title in these shoes had not passed to the defendants, the plaintiff could not recover for insurance and storage on its own goods; that these goods were such as the defendants were bound by the contract to accept and pay for, but that, inasmuch as the plaintiff had been able to dispose of them without loss, he was entitled only to nominal damages under that count in the sum of $1.

The judge also found that, since the defendants' recovery by way of recoupment was not sufficient to balance the amount due the plaintiff, the plaintiff was entitled to a finding in his favor in the action brought against him by the defendants.

Requests by the defendants for rulings, refused by the judge, included the following:

" 5. The defendant is not required to accept any merchandise in quantities other than those specified in the contract."

" 8. Acceptance of merchandise delivered after the date specified in the contract is a waiver only as to such merchandise actually so delivered and accepted."

" 10. Where Learned contracted to sell Hamburger shoes deliverable in instalments, if Learned makes defective deliveries, then upon any one or more such defective deliveries, if it is substantial and material, Hamburger has a right to treat the contract broken and rescind the same and recover damages for its breach.

" 11. Under the contract in issue a delivery may be defective because of any one or more of the following: (a) the shoes were not merchantable; (b) the shoes were not up to sample; (c) they were not tendered when agreed; (d) quantity was not as agreed; (e) proportion was not as agreed."

" 13. Any materially defective delivery of shoes gave Hamburger the right to cancel the contract and return the shoes already delivered.

" 14. Learned had no right to hold Hamburger to accept and pay for a lesser quantity of shoes than the contract called for.

" 15. If he was not able to deliver the contract amount, he could not hold Hamburger to accept part of the agreed amount under the contract."

" 25. The act and notice of October 19 was sufficient to constitute a rescission of the contract both as to future deliveries as well as to deliveries of merchandise already made which were not in accordance with the contract.

" 26. The act and notice of October 19 was sufficient to

constitute a rescission of the contract as to all goods previously delivered which were defective in quality.

" 27. The act and notice of October 19 was sufficient to constitute a rescission of the contract as to all merchandise which had not then already been shipped out by Learned."

" 41. It is sufficient to enable Hamburger to rescind the contract if he offers to return the merchandise delivered to him."

" 56. If Learned failed to deliver the merchandise which Hamburger was entitled to have delivered under the contract at the time and in the quantity which the contract called for, then Hamburger is entitled to recover as one of the elements of his damage the loss of his profits and the expenses actually incurred on sales actually made.

" 57. If there is a breach of the contract on Learned's part, Hamburger is entitled to recover as an element of his damage, the amount expended by him for insurance and storage on merchandise while the same was in his possession.

" 58. If Learned was in default in the performance of the contract, Hamburger is entitled to return the merchandise which he has on hand, and to recover the purchase price thereof so far as the same has been paid.

" 59. If Learned was in default in the performance of the contract, Hamburger is entitled to return the merchandise which he has on hand, and to recover the purchase price thereof so far as the same has been paid."

Other material findings and rulings are described in the opinion. There was a finding for the plaintiff in the first action in the sum of $52,604.63, and the defendants alleged exceptions.

The cases were submitted on briefs.

*Lee M. Friedman & L. B. King,* for Hamburger.

*R. G. Dodge & R. S. Wilkins,* for Learned.

BRALEY, J. The first count of the declaration in the first action is on an account annexed for goods sold and delivered under contracts hereinafter described, while the second and third counts are for breach of agreements by the defendants to buy twenty-one hundred cases of shoes, which have become immaterial by reason of the findings and rulings

to which Learned did not except. A fourth count was subsequently allowed which followed substantially the findings, and may be considered with the first count as supporting the general findings. The answer is a general denial, with a claim that the sales were by sample with which the goods delivered did not correspond, and that they were not merchantable, with a claim in recoupment for damages.

In the second action the ten counts of the declaration after stating the contracts relied on in the first count in the first action, alleged a failure to deliver shoes in conformity therewith, as well as a partial failure to make any delivery whatever, and for damages for Learned's breach of the contracts. The cases were tried without a jury, and the findings of fact and rulings of law made by the presiding judge under which he found for George A. Learned in each case are incorporated in the exceptions of the Hamburgers.

If it be assumed that all the material evidence is referred to in the exceptions, the judge was not bound to believe even uncontradicted evidence, and could accept or reject in whole or in part the testimony of the witnesses. *Linderbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 413.

We shall hereafter refer to George A. Learned as the plaintiff and to the Hamburgers, who are partners, as the defendants. The plaintiff, a shoe manufacturer, received and accepted from the defendants on April 25, 1918, orders in writing "for seven pairs, later increased to twelve pairs, of each of nine styles of shoes, the stock numbers, kinds and prices of which" are enumerated, with a full description of their varigated colors. The order contained the words "All cases on above to run no poorer than sample submitted." But it is found that the seven or twelve pairs, were only part of a "case" of shoes, which were intended by the defendants to be used as samples in taking orders from retailers, and a "case" of shoes as the word was used by the parties contained thirty-six pairs. The plaintiff on the same date received and accepted orders in writing from the defendants for the manufacture and delivery of eleven hundred cases, each case containing thirty-six pairs consisting of nine different styles of shoes as specified, delivery to

be made on August 1, August 15, and September 1, 1918, which are designated as the "larger orders." The orders were placed "subject to details, quality and delivery as stated. Any unfilled portion of same is to be considered cancelled if not delivered by" the dates specified.

A schedule showing the stock numbers, the number of cases, the price of each pair, and the date of delivery makes plain the details of the transaction. It is followed by another schedule giving the number of cases ordered, the number of cases "cut" by the plaintiff, the number of cases not delivered, the number of cases delivered but returned to the plaintiff, the number of cases sold to other customers by the plaintiff, the number of cases in the plaintiff's possession November 15, 1919, the date when the plaintiff brought suit, the number delivered to the defendants and not returned, the number in their possession at that date, the number retained and not paid for, the number included in the plaintiff's declaration but balanced by conceded credits, and the number of cases included in the first count of the plaintiff's declaration. The issues as well as the extent of the controversy are shown by these schedules, which were used by the judge in his consideration and analysis of the contentions of the parties, and in the assessment of damages.

The findings and rulings that "the large order was not limited as to the make of leather," and that the agreement that "All cases on above to run no poorer than sample" or small order did not limit the plaintiff as to the make of leather to be used in the large order, and that the sales were by description and not by sample, do not appear to be erroneous as matter of law. *Gould* v. *Stein,* 149 Mass. 570. *Weston* v. *Barnicoat,* 175 Mass. 454.

The only warranty therefore, as the court found and ruled, was an implied warranty that the shoes were of merchantable quality. G. L. c. 106, § 17, cl. 2. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474, 476. The ruling that if the warranty was broken, the damages consisted of "the difference between the actual value of the article sold and the value of the same article if it had been such as the

vendor warranted it to be," and "the application of this rule is not changed nor modified by the fact that a purchaser of a warranted article had sold it for the same or even a greater price than that which he paid for it" was correct. *F. W. Stock & Sons* v. *Snell*, 226 Mass. 499, 504. *Parker* v. *S. G. Shaghalian & Co. Inc.* 244 Mass. 19.

The defendants by their fifty-sixth request asked for a ruling that if the plaintiff "failed to deliver the merchandise which Hamburger was entitled to have delivered under the contract at the time and in the quantity which the contract called for, then Hamburger is entitled to recover as one of the elements of his damage the loss of his profits and the expenses actually incurred on sales actually made." The judge found, however, that the dates of delivery had been waived, and the finding of waiver was a question of fact well warranted by the record. The eighth request, that acceptance of merchandise delivered after the date specified is a waiver only as to such merchandise actually so delivered and accepted, is of no consequence because of the general finding. And there was no finding of any "proximate damage," or any evidence of such damage under the further provisions of G. L. c. 106, § 58, cl. 7. The requests were denied rightly.

The defendants claimed and were awarded damages for breach of the warranty of merchantability. It is contended that the quantity of shoes on which the damages found were based was wrongly computed and should be very substantially increased. The plaintiff began to manufacture the shoes immediately after the order had been accepted, and the shipments began in July and continued through October 1918. The defendants are found to have accepted the shipments as they came in, with the exception of a few cases which were returned with a complaint that the dressing on some of the grey and plain kid shoes was imperfect. The defendants under G. L. c. 106, § 37, are found to have accepted all the shoes which were delivered, except thirteen cases returned and credited by the plaintiff. It is further found that the first notice of the defendants' claim for breach of warranty, except as to the shoes first mentioned, was

October 19, 1918, when they wrote the plaintiff cancelling the remainder of the order, and requesting him to cease further shipments. The letter, however, contains no reference to any right of rescission or offer to return preceding deliveries, and both before and after the order of cancellation the defendants constantly offered the shoes for sale and sold " the great majority of the cases " to their customers. The defendants moreover having sold at least a part of the shoes could not rescind. They could not affirm the contracts in part, and enforce them in part. *Minor* v. *Bradley*, 22 Pick. 457, 458. It was correctly held that the acceptance of the shoes did not bar the defendants of their claim for damages for breach of the implied warranty of merchantability. G. L. c. 106, § 58, cl. 1, (a) (b). But the statute also expressly provides in § 58, 3 cl., that " If the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted them, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time when the property passed. . . . " *Gascoigne* v. *Cary Brick Co.* 217 Mass. 302. . *Trimount Lumber Co.* v. *Murdough*, 229 Mass. 254. And there was no express or implied agreement shown affecting the statutory rule.

The case accordingly is narrowed to the following findings: that independently of the plain kid shoes of which notice was received somewhat earlier, the first notice to the plaintiff for any claim for damages was on October 19, 1918, and that the defendants had failed to give notice to the seller of the alleged breach within a reasonable time after they knew, or ought to have known of such breach as to all plain kid shoes shipped before September 1, 1918, and as to all other shoes shipped before September 19, 1918. *Trimount Lumber Co.* v. *Murdough*, *supra*. *Skillings* v. *Collins*, 224 Mass. 275. The defendants' thirteenth request that " Any materially defective delivery of shoes gave Hamburger the right to cancel the contract and return the shoes already delivered," and the fifty-ninth request that if the plaintiff was in default in the performance of the contract " Hamburger

was entitled " to return the merchandise " which he had on hand, and to recover the purchase price so far as the same had been paid," and the forty-first request that it is sufficient " to enable Hamburger to rescind the contract if he offers to return the merchandise delivered to him " and the fifty-ninth request that " If Learned was in default in the performance of the contract, Hamburger is entitled to return the merchandise which he has on hand and to recover the purchase price therefor so far as the same has been paid," were denied rightly for reasons previously stated.

The defendant argues that the case as to damages is governed by G. L. c. 106, § 33, cl. 1. " If the seller delivers to the buyer a quantity of goods less than he contracted to sell, the buyer may reject them, but if the buyer accepts or retains the goods so delivered, knowing that the seller will not perform the contract in full, he shall pay for them at the contract rate. If, however, the buyer has used or disposed of the goods delivered before he knows that the seller will not so perform, the buyer shall not be liable for more than the fair value to him of the goods so received." The findings previously referred to dispose of this contention. The plaintiff did deliver in quantity the goods he contracted to sell, and the defendants accepted them until they cancelled the contract, and there was no acceptance by the defendants with knowledge that the plaintiff would not perform his contract in full. It is manifest that title passed, and the case at bar is not the case of delivery of a smaller quantity of goods than the amount bargained for, and the seller by his failure being in default can recover only for goods delivered which are identical in description and quantity with the goods sold. *Rodman* v. *Guilford*, 112 Mass. 405. *Rock Glen Salt Co.* v. *Segal*, 229 Mass. 115. The fifth and fourteenth requests that " Hamburger is not required to accept any merchandise in quantities than those specified in the contract," and that the plaintiff " had no right to hold Hamburger to accept and pay for a lesser quantity of shoes than the contract called for," were statements of law not applicable to the case on the findings.

The question of reasonable time and whether there had

been any tender or attempt at rescission were also on the record issues of fact, and the findings which are adverse to the defendants are conclusive. *Trimount Lumber Co.* v. *Murdough, supra. American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. G. L. c. 106, § 58, cl. 3. See Williston on Sales, § 451, notes 33, 34.

The twenty-fifth, twenty-sixth and twenty-seventh requests, quoted above on pages 466, 467, *ante,* were rendered inapplicable by reason of the findings as to acceptance, and the finding that there was no express or implied agreement affecting the statutory rule. The judge found, and this also was a question of fact, that the defendants having failed to give notice within a reasonable time after they knew or ought to have known of the breach as to all plum colored shoes shipped before September 1, 1918, and as to all other shoes shipped after September 19, 1918, rightly held that the defendants could not recover damages for shoes shipped earlier than those dates. G. L. c. 106, § 38.

The refusal of the eleventh request, quoted on page 466, *ante,* requires no·comment because of the previous discussion. It is also plain that the defendants cannot recover as an element of damage the cost of insuring or storage of their own goods, and the refusal of the fifty-ninth request based on the grounds just stated is not shown to have been erroneous. It cannot be assumed in view of the findings to which reference has been made, that the judge erred as matter of law when he limited the defendants' recovery to shoes shipped after September 19, 1918, the numbers of which with the damages assessed for each pair are specifically stated, the amount computed being insufficient to offset the amount the plaintiff was found entitled to recover on the first and fourth counts, increased by nominal damages under the second count of his declaration, a general finding for him in each case was made rightly. *Cook* v. *Castner,* 9 Cush. 266, 278. *Star Glass Co.* v. *Morey,* 108 Mass. 570, 573.

The record contains sixty-two requests of the defendants for rulings of which the fifty-second, fifty-third, fifty-fourth and fifty-fifth were waived after the trial. The judge gave the ninth, twelfth, thirty-first, thirty-third, thirty-fourth,

thirty-sixth, thirty-ninth and fifty-eighth requests, but declined to give the remaining requests, " not always because they are not abstractly correct, but often because they are based on facts which I do not find. In so far as they are based on facts not appearing in the findings, . . . I do not find such facts to exist." We have examined in so far as they have been argued all the requests which were not given and the rulings to which the defendants excepted, and finding no reversible error the exceptions should be overruled.

*So ordered.*