122 So.2d 591

**Cordy Gwin SMITH**

v.

**PIZITZ OF BESSEMER, INC., et al.**

**6 Div. 480.**

Supreme Court of Alabama.

Aug. 18, 1960.

Beddow, Gwin & Embry, Roderick M. MacLeod, Jr., Birmingham, for appellant.

Sadler, Sadler, Sullivan & Herring, Birmingham, and Huey, Stone & Patton, Bessemer, for appellees.

STAKELY, Justice.

This is an appeal from a nonsuit induced by a ruling of the trial court, the Circuit Court of Jefferson County, Bessemer Division, sustaining defendant's demurrer to the complaint and each count thereof separately and severally.

Cordy Gwin Smith (appellant) brought an action against Pizitz of Bessemer, Inc. (appellee), seeking damages for personal injuries suffered as a result of the breach of an implied warranty of fitness of a nightgown which plaintiff had purchased from the defendant. The complaint was amended by substituting in lieu of the original complaint Counts A, B and C. Each of the three counts alleges facts showing that plaintiff purchased the nightgown from defendant and that the nightgown was "so unreasonably dangerous and unfit for use as such that it became ignited when in contact with heat or flame so as to instantly burst into flame or spontaneously burst into flame and instantly or spontaneously envelop plaintiff in flames so as to inflict severe injuries upon her. * * *"

In Count A it is alleged in substance that defendant was engaged in the retail sale of dry goods and that among the items being carried for sale were ladies' nightgowns made of flannelette or outing. In the latter part of September or in early October 1955 defendant sold plaintiff such a nightgown. While plaintiff was wearing the nightgown in a heated room where there was a fireplace containing burning coal, the garment caught fire and plaintiff was severely injured. The allegation is made that the injuries were suffered as a proximate consequence of an implied warranty of fitness for the particular purpose of use as a nightgown.

Plaintiff alleges that she had by implication made known to defendant the purpose for which the gown was required and relied on defendant's skill or judgment that the garment was fit for that purpose, and that defendant breached the warranty in that the garment was not fit for that purpose.

Count B contains the same allegations as Count A but adds that the usage in the trade caused an implied warranty that the nightgown was fit for use as such.

Count C was substantially the same as Count A and also relies upon the breach of an implied warranty but differs from Count A in that it does not specifically allege that the plaintiff had made known to defendant the use for which the nightgown was required or that plaintiff relied on defendant's skill and judgment to furnish a nightgown reasonably fit for that use.

The demurrer among other things takes the position that in an action for breach of an implied warranty the plaintiff, purchaser, must allege in the complaint that the purchaser gave notice of the breach within a reasonable time after the purchaser knew of such breach. In support of this proposition our attention is called to the following language in § 55, Title 57, Code of 1940, which reads as follows:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability of damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale, but, if after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

■ Assuming for the moment that the notice requirement of the last clause of this section has application to a case of this kind, it would appear that an allegation of notice must be contained in the complaint. The requirement of notice is not in the nature of a statute of limitations but is a condition precedent to recovery by the buyer. De Lucia v. Cocoa-Cola Bottling Co. of Conn., 139 Conn. 65, 89 A.2d 749; 3 Williston, Sales § 484(a) Rev.Ed. (1948).

It is insisted, however, by the appellant that the notice requirement is not applicable to the present case. It is urged that the notice provision was intended to apply to cases involving commercial transactions and not to a case, such as the case at bar, involving personal injuries arising out of a retail sale. As we understand the contention, commercial transactions are those instances where the buyer suffers a monetary loss because the goods which the buyer received do not measure up to the standards of the goods which the buyer intended to buy. So far as we can ascertain the portion of the statute now under consideration has not been construed in this state. However, there are cases in other jurisdictions which deal with this proposition. For example, we refer to the New York rule stated in Kennedy v. F. W. Woolworth Co., 205 App.Div. 648, 200 N. Y.S. 121. In this case it seems to have been held that the notice rule applies only to cases involving commercial transactions. In referring to the New York rule, Williston has termed the limitations imposed by the New York Court's rule "remarkable" and "certainly unwarranted." 3 Williston, Sales § 484(b), Rev.Ed. (1948).

■ However, whatever may be the New York rule, it appears that a majority of the American Courts which have considered the problem have held the notice requirement applicable in a case of the nature now before this court and that such notice should be alleged in the complaint as a condition precedent to recovery. Whitfield v. Jessup, 31 Cal.2d 826, 193 P.2d 1; De Lucia v. Coca Cola Bottling Co. of Conn., supra;

Idzykowski v. Jordan Marsh Co., 279 Mass. 163, 181 N.E. 172; Hazelton v. First Nat. Stores, Inc., 88 N.H. 409, 190 A. 280; Ringstad v. I. Magnin & Co., 39 Wash. 2d 923, 239 P.2d 848; Baum v. Murray, 23 Wash.2d 890, 162 P.2d 801; Marsh Wood Products Co. v. Babcock & Wilcox Co., 207 Wis. 209, 240 N.W. 392; 2 Harper & James, Torts § 28.17 (1956); Owen v. Sears, Roebuck & Co., 9 Cir., 273 F.2d 140. See 71 A.L.R. 1149.

We have considered the matter carefully and think that the notice provision is not restricted to so-called commercial cases. The language of the statute is not restricted to such situations but includes any case involving a sale or contract to sell. In other words, there is nothing in the statute which indicates that the notice provision was intended to exclude the present case or to limit the application of the provision to commercial situations alone and makes no distinction between a situation where the purchaser suffers a monetary loss in a commercial transaction rather than a personal injury. The section does not seem to us to justify the interpretation that there can be found one standard for recovery in a monetary loss and a different one for personal injury.

One reason for the notice requirement as stated in the foregoing cases is to apprise the vendor that a claim will be made against him and give him an opportunity to prepare a defense or notify his supplier. Where a party has committed a tort he has immediate knowledge of the occurrence because he or his servant or each was a participant in the happening or the occurrence. Such is not the case, however, with a retailer, like this appellee, for many times a transaction is with an unknown person who pays for the goods in cash and removes them, quite properly, from the premises of the retailer. The retailer has no opportunity or occasion for that matter to know what happens to the person or the article which was sold. He lacks the very notice which the normal tort feasor has immediately.

**104**

The adoption of the rule which this appellant seeks, namely notice be required for one type of injury but not for another, would give rise to innumerable stale claims and create a double standard of recovery.

Nor do we regard the notice requirement as too onerous a burden to place on the retail purchaser. It may well be that the retail purchaser, the victim of personal injury, is too unlearned in the ways of commerce to be held to the same standards as the experienced merchant. If so, this consideration properly goes, in our opinion, to the question of what is a reasonable time for notice to be given on the facts of the particular case. We do not think that this court should attempt to undo the work of the legislature by eliminating the notice requirement altogether. The chronology in this case in our judgment bears out what we have said. The complaint shows that in September or October 1955 the plaintiff purchased from the defendant the flannel nightgown. About three months later, on January 1, 1956, the nightgown caught on fire and as a result of the fire the plaintiff received certain injuries. About two and a half years later, on June 13, 1958, the plaintiff filed the complaint in this case, claiming damages of the defendant for breach of an implied warranty as to the fitness of the nightgown.

Consequently we think that the allegation of notice as provided in the statute is a condition precedent to recovery and the court acted correctly in sustaining the demurrer to the counts. of the complaint as amended, since this proposition was expressly raised by the demurrer. This being true, we see no point in discussing other propositions raised by the demurrer.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.