202 So.2d 721

**WATER WORKS BOARD OF the TOWN OF PARRISH**

v.

**Claude WHITE et al.**

**6 Div. 438.**

Supreme Court of Alabama.

Sept. 14, 1967.

Bevill & Jackson, Jasper, for appellant.

Robt. T. Wilson, Jasper, for appellees.

MERRILL, Justice.

The five complainants, all citizens and taxpayers of the Town of Parrish, filed a bill, for themselves and representing a class of over four hundred other taxpayers and customers of the water system, against the Water Works Board of the Town of Par-

rish, seeking declaratory and injunctive relief.

The demurrer to the original bill was sustained; the bill was amended, demurrer overruled and the final decree granted and denied some of the relief sought. The Water Works Board appealed.

The amended bill sought a declaration that a bond issue of $185,000 be declared void; that a receiver be appointed; that an audit be conducted of the books of the Water Works Board; that a uniform rate be established for all customers; that discrimination of services be ended; that the Board's books be opened for inspection and for other and general relief.

The Town of Parrish originally was receiving its water supply from the Water Works System at Cordova. When the Water Works Board at Parrish was established, the proceeds of a bond issue of $185,000 was used to buy the existing system and make improvements. The water rate was raised from $2.00 to $3.00 per 4,000 gallons and the advertisement in the county paper stated "there is positively no anticipation of the Water Board that these rates be raised at any time." But later, the rate was raised to $4.00 per 4,000 gallons, and, notwithstanding the raise, the trial court found:

"8. That various and sundry complaints were made to the Water Works Board after the new system was installed, among those complaints were that some consumers could not get any water at all, some consumers could only get a stream of water the size of a pencil, some had no water pressure at all, and some had no pressure when the neighbor turned on his water, or some had no pressure at various times of the day, some had to catch water at night in order to have water to cook breakfast the next morning, some couldn't get water but once a week, some couldn't get any more supply of water after the work was done to the system than before the work was done, the supply of water to some of the consumers was worse than before the new system went into effect, that the Water Works Board refused to let responsible persons see their books and see how they had spent the money which they had borrowed to improve the Water Works System, that some members of the Water Works Board were arrogant and impolite when persons made complaints."

The court also found:

"10. This Court does not find that there was any actual fraud perpetrated upon the public by the members of the Water Works Board or any member of the government of the Town of Parrish. However, the Court does find that some members of the Board or the government of the Town of Parrish in the past did not assume the proper responsibility which they should have assumed in the creating of the Water Works Board and the incorporation of said Board and in the operation of the Water Works Board after it was set up or incorporated. That there was a failure to take into consideration the exact cost for the operating of a Water Works System and failure to investigate and make the necessary and proper investigations to determine such sum of money which was necessary for the day by day operation of the Water Works System and the amount of indebtedness that would have to be incurred in order to operate and pay for the expenses which had to be incurred for the buying and improvement of the new system and the failure to determine whether or not by the purchasing of the new system that was purchased that there would be an improvement in the water supply to the consumers thereof. That due to misinformation or lack of information or mismanagement there appears to have been in the past a reckless disregard of the public interest in determining whether or not it would be to the best interest of the public to have incorporated a Water Works Board at all and in determining whether or not there would be any improvement to the system or whether the system could be improved and if an improvement could be made whether or not

it was worth the cost or increase of the cost to the public for such improvement. That past members of the Board failed to cooperate with the people of the Town of Parrish in failing to allow the public to examine their books or records and in failing to otherwise provide adequate water supply and water pressure to the public, and by failure to properly notify and inform the public of the actual and full cost to the public or consumers for the new water system before it was purchased."

In its decree the trial court ordered, inter alia, that the Water Works Board furnish adequate and constant water supply and pressure to its customers, that there be no discrimination between customers; that adequate pressure for fire protection be provided; that an annual statement of receipts and disbursements be posted or published; that the books be available for inspection subject to six listed limitations; that the Board was restrained and enjoined from further increasing or raising rates pending further orders of the court and that no further indebtedness be incurred which would cause or necessitate the increasing of water rates to consumers, and that the costs be taxed against the Water Works Board.

■ Assignments of error 1 and 2 raise the point that the evidence was not sufficient to support the decree. There was evidence, if believed, to support the complaints listed by the court in paragraph 8 of its findings listed supra.

■ Where evidence is heard orally before the trial court, the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal unless plainly erroneous, whether in law or equity. And we must affirm the trial court's decree, if fairly supported by credible evidence under any reasonable aspect, regardless of what might be our view of the evidence. Norton v. Norton, 280 Ala. 307, 193 So.2d 750, and cases there cited.

■ Assignment 3 charges error in the restraining of the Water Works Board from increasing water rates without further orders of the court. Appellant insists that the trial court exceeded its jurisdiction because we have held that rate making is a legislative and not a judicial function, citing Mitchell v. City of Mobile, 244 Ala. 442, 13 So.2d 664. That case does support appellant's contention but it says more. We quote:

"* * * Rate-making is a legislative, not a judicial function. The courts cannot directly nor indirectly make rates. If rates fixed by legislative acts, orders of Public Service Commission, or municipal ordinances, are confiscatory or so greatly excessive as to violate constitutional rights, the courts have jurisdiction to so declare, and by proper orders protect the party aggrieved until lawful rates are fixed by legislative authority. The well-recognized procedure for review is by bill of injunction or by declaratory judgment proceedings wherein the complainant offers to do equity. Equity demands payment of a reasonable rate for services rendered. * * *"

Here, we consider that the trial court was merely protecting the aggrieved parties until the present (and evidently new) Board could have a chance to operate the system efficiently.

■■ The law will not and cannot tolerate discrimination in the charges of a water works company. There must be equality of rights and special privileges to none; and, if this is violated or unreasonable rates are charged, the humblest citizen has a right to invoke the protection of the laws equally with another. Birmingham Water Works Co. v. Brown, 191 Ala. 457, 67 So. 613, L.R.A. 1915D, 1086; Griffin v. Goldsboro Water Co., 122 N.C. 206, 30 S.E. 319, 41 L.R.A. 240. And we have said that water rates imposed by a municipality must be reasonable and subject to review in that regard upon complaint of a consumer. Bankhead

v. Town of Sulligent, 229 Ala. 45, 155 So. 869, 96 A.L.R. 1381.

The trial court in its findings recognized that "the mortgage on the water system being a valid mortgage, the debt and operating expenses must be paid in order to retain the water system for the Town of Parrish * * * the court cannot now void the contracts and mortgages made by the Water Works Board on the Water Works System without such resulting in the loss to the Town of Parrish of its Water Works System. Thus this Court is now limited in what relief it can decree by the fact that the Water Works Board owes a legal and binding debt secured by a valid mortgage upon the Water Works System and this Court cannot impair or change the contracts as heretofore entered into by the Water Works Board."

The trial court was and is cognizant of the statutory requirement that the Water Works Board must charge an amount sufficient to pay the principal and interest on the bonds and to provide for the cost of operation and maintenance of the system. Tit. 37, § 400, Code 1940, as amended. We construe the finding and holding of the court to mean that the trial judge has confidence in the present board and believes that they "are making every effort under the circumstances and with the equipment that they now have to supply the Town of Parrish with adequate water supply and with an adequate water pressure." It was also stated that there was no evidence of any mismanagement or fraud upon the part of the present members of the Board. It is evident that the trial court refused to appoint a receiver as requested by appellees because of the belief that the system could be efficiently operated at present rates. At the same time, the rates must be high enough to comply with the requirements of the statute. We do not construe the action of the trial court to be rate making or any interference with the legislative department. It was merely a holding of the matters in status quo until the "present" Board could have a fair chance to meet and remedy the justified complaints about the service.

Appellant cites in brief Hodge v. Alabama Water Company, 205 Ala. 472, 88 So. 585, as substantiating its argument, saying: "There the Supreme Court of Alabama said: 'The court has no jurisdiction to determine that a water rate is unreasonable and to fix what would be a just and reasonable rate; * * *'." This court did not say or write those words. The quoted words are not from the case but from headnote 3.

What this court did say was:

"The court has not jurisdiction *in this bill* to determine that the rate sought to be collected by defendant of complainants for water is unreasonable and to fix what would be a just and reasonable rate in the future therefor, as prayed in the bill. *The Alabama Public Service Commission has that exclusive authority and jurisdiction.* * * *" (Emphasis supplied).

The rates in the *Hodge* case were, by statute, under the exclusive jurisdiction of the Public Service Commission. The *Hodge* case has no application to the instant case.

We do not agree that the trial court exceeded its jurisdiction in holding the rates at the same level pending its further orders.

■■ Assignment of error 4 complains of the order requiring the publishing of a statement by the Board of its annual receipts and disbursements on the front door of the building where it holds its meetings, or in lieu thereof, to publish the same in the county newspaper.

The supplying of water to a city and its inhabitants is a municipal function and a Water Works Board incorporated under the provisions of Tit. 37, §§ 394–402, Code 1940, as amended, is in that sense an agency of the city. Jackson v. Hubbard, 256 Ala. 114, 53 So.2d 723. We have been cited to no authority showing that the requirement by the trial court that an annual statement of the Board's receipts and disbursements, is illegal, arbitrary or unreasonable. The assignment and argument thereunder are without merit.

 Assignment of error 5 reads:

"The trial court erred in ordering The Water Works Board of the Town of Parrish, a corporation, to advertise in the newspaper anything concerning the operation of or pertaining to The Water Works Board of the Town of Parrish, a corporation. (Tr. pg. 54)"

The only possible order applicable on page 54 of the transcript does not do what the assignment contends. It is paragraph 6, which reads:

"That in the event the Water Works Board of the Town of Parrish, Alabama, shall hereafter advertise in the newspaper anything concerning the operation of or pertaining to the Water Works Board, such advertisement shall be signed by the president of the Water Works Board when placed in the newspaper."

This does no more than place the responsibility on a particular officer for the statement. This was evidently the result of no board member accepting the responsibility for the former advertisement which stated that the water rates would not be raised in the future.

The final assignment complains that the costs were taxed against the Board.

Equity Rule 112 provides, in pertinent part:

"Costs will be imposed by the court or judge having jurisdiction at such times during the litigation as he deems proper, subject to correction for improper exercise of his discretion, and may be apportioned by him between the parties; * * *."

 In equity, the matter of costs rests largely in the discretion of the chancellor. Thompson v. Bryant, 251 Ala. 566, 38 So.2d 590. We are unwilling to say that the action of the trial court in taxing the costs against appellant constituted an improper exercise of discretion. State v. Mine & Contractors Supply Co., Inc., 263

Ala. 630, 83 So.2d 425; Grimes v. Warren, 262 Ala. 427, 79 So.2d 34; Lucas v. Lucas, 258 Ala. 515, 64 So.2d 70; Shubert v. Lacy, 257 Ala. 629, 60 So.2d 442.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.