Because I cannot agree that MPL's activities are wholly interstate I respectfully dissent.
MPL was organized for the exclusive purpose of financing Saxon Business Products copiers, in particular those which were not selling well. Saxon made large contributions to the original capital structure of MPL. In fact, MPL and Saxon operate out of the same office building. That MPL is a mere conduit of Saxon Business Products is evidenced by Saxon's refusal to service Johnson's ppc-1 copiers until payment had been made to MPL. MPL should not now be entitled to masquerade as a distinct entity, shielded by the commerce clause. Cf.Boles v. Midland Guardian Co., 410 So.2d 82 (Ala.Civ.App. 1982); King Homes, Inc. v. Roberts, 46 Ala. App. 257,240 So.2d 679, cert. denied, 286 Ala. 736, 240 So.2d 689 (1970).
FAULKNER, J., concurs.