## STATE TAX COMMISSION OF UTAH *v.* PACIFIC STATES CAST IRON PIPE CO.

No. 178. Argued March 20, 1963.—Decided April 1, 1963.

*F. Burton Howard,* Assistant Attorney General of Utah, argued the cause for petitioner. With him on the brief was *A. Pratt Kesler,* Attorney General.

*C. M. Gilmour* argued the cause and filed a brief for respondent.

PER CURIAM.

Respondent, a Nevada corporation qualified to do business in Utah, manufactures cast-iron pipe and related items in Provo, Utah, and sells its products throughout the Western States. Prices set by respondent are for the goods delivered at a specific job site, and interstate delivery is usually made by common carrier or in respondent's own equipment. The sales here involved occurred in a different manner. In each case the material was manufactured to meet the specifications of specific out-of-state jobs. The contract called for out-of-state shipment, and respondent set a destination price which included the going common carrier freight charges between the two points involved. But delivery was made

and title passed to the purchaser at respondent's foundry in Provo. The purchaser then transported the pipe with its own equipment to the predetermined out-of-state destination. The common carrier tariff was credited to the purchaser.

The Utah Tax Commission imposed upon respondent a sales tax deficiency covering these sales.

The Supreme Court of Utah reversed the Tax Commission, on the grounds that the certainty of interstate shipment made the imposition of the tax on these shipments unconstitutional under the Commerce Clause. 13 Utah 2d 113, 369 P. 2d 123. We reverse its judgment on the authority of *International Harvester Co.* v. *Department of Treasury,* 322 U. S. 340, 345, which holds on facts close to those of this case that a State may levy and collect a sales tax, since the passage of title and delivery to the purchaser took place within the State.

*Reversed.*