384 P.2d 399

**PACIFIC STATES CAST IRON PIPE COMPANY, Plaintiff,**

v.

**STATE TAX COMMISSION of Utah, Defendant.**

No. 9493.

Supreme Court of Utah.

Aug. 21, 1963.

1. 13 Utah 2d 113, 369 P.2d 123.
2. Art. I, Sec. 8.

C. M. Gilmour, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., F. Burton Howard, Asst. Atty. Gen., Salt Lake City, for defendant.

CALLISTER, Justice.

In a prior proceeding, this Court reviewed a sales tax deficiency levied by the State Tax Commission on the sale of pipe to a nonresident buyer at the seller's foundry in Utah.[1] This Court held that the transaction was not subject to taxation under the commerce clause of the Federal Constitution.[2] That decision was reversed by the U. S. Supreme Court and the case remanded to this Court.[3]

We granted the taxpayer's request to reargue the case, but limited it to the question of whether the transaction was nontaxable under the regulations of the Tax Commission. This argument had been advanced in the prior proceeding before this Court and before the U. S. Supreme Court. Neither court ruled specifically upon the matter.

It is the taxpayer's contention that under sales tax regulations promulgated by the

3. State Tax Commission of Utah v. Pacific States Cast Iron Pipe Company, 372 U.S. 605, 83 S.Ct. 925, 10 L.Ed.2d 8 (1963).

Tax Commission, and in effect at the time, the transaction was interstate and exempt from taxation. With this contention we disagree; but even if the regulations could be construed to provide such an exemption they would be out of harmony with and contrary to our statute [4] and the decision of the U. S. Supreme Court.[5]

For the foregoing reasons the order of the Tax Commission is:

Affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

4. 59–15–2(b), U.C.A.1953.

5. See also: International Harvester Co. v. Treasury, 322 U.S. 340, 64 S.Ct. 1019, 88 L.Ed. 1313.