(No. 38517.—

THOMAS J. O'BRIEN *et al.*, Appellants, *vs.* THEODORE J. ISAACS, Director of Revenue, *et al.*, Appellees.

*Opinion filed January 21, 1965.*

BERGER, NEWMARK & FENCHEL, of Chicago, (EDWARD BRODKEY, of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and TERENCE F. MACCARTHY, Assistant Attorneys General, of counsel,) for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Rule 42 of the Illinois Retailers' Occupation Tax Regulation provides in part, "Where Illinois florists receive telegraphic instructions from other florists located outside of Illinois for the delivery of flowers in Illinois, the receiving Illinois florist is liable for tax with respect to any receipts which he may realize from the transaction  *  *  *." (CCH, Ill. State Tax Reporter, vol. 1, par. 60-147.) This action was brought in the circuit court of Cook County to test the constitutionality of the regulation. The circuit court dismissed the action and the case has been appealed directly to this court because public revenue is involved.

There is no dispute as to the factual description of the transaction covered by the regulation, but there is a wide divergence of opinion as to its legal effect. A customer orders flowers from an out-of-state florist for delivery to an Illinois addressee. The out-of-state florist telegraphs the order to an Illinois florist who delivers flowers from his stock to the Illinois addressee. The customer pays the out-of-state florist for the flowers, the cost of the telegram and frequently a service charge. Payment from the out-of-state florist to the Illinois florist is made through a trade association clearing house.

The plaintiffs are Thomas J. O'Brien, an individual Chicago florist, Allied Florists Association of Illinois, composed of 1500 Illinois florists and 500 out-of-state florists, and Illinois State Florists Association, composed of 400 Illinois florists. The legal analysis they have attributed to the transaction, particularly the activity of the Illinois florist, varies throughout their brief. They first state, "The only local incident which occurs to bring within the possible reach of the Illinois taxing power any phase of the transaction is the Illinois delivery. This is not performed by any agent or employee of the original seller [the out-of-state florist],

but by an independent contractor [the Illinois florist]." Next they say, "* * * the Illinois florist doesn't actually 'sell' any goods, * * *." Then they state, "They [the Illinois florists] just deliver goods the title to which passes elsewhere. They are for all practical purposes only bailors. [sic]". They finally say that if the Illinois florist has made a sale, it is a sale to the out-of-state florist for the purpose of resale.

It is clear that the Illinois florist cannot be called an independent contractor, bailee or "one who does not really sell any goods". He has title to the flowers which he transfers to the buyer for a price. This is a sale, (Ill. Rev. Stat. 1963, chap. 26, par. 2—401(1),) and the Illinois florist is a seller. (Chap. 26, par. 2—103(1)(d).) The sale is a present sale, (chap. 26, par. 2—106(1) and par. 2—206(1)(b),) it is made in Illinois, whether the contract is unilateral or bilateral, (see Restatement, Conflict of Laws § 325 and § 326,) and title passes in Illinois. Chap. 26, par. 2—401(2).

The only question concerning the transaction is whether the customer or the out-of-state florist is the buyer from the Illinois florist. If the buyer were the out-of-state florist, then the sale would be one for resale and not subject to the retailers' occupation tax. (Ill. Rev. Stat. 1961, chap. 120, par. 440 *et seq.; Beatrice Foods Co.* v. *Lyons,* 12 Ill.2d 274.) If the buyer is the out-of-state customer then the transfer of title and possession by the Illinois florist has been for use or consumption within the meaning of the statute. *Modern Dairy Co.* v. *Department of Revenue,* 413 Ill. 55.

We conclude that the out-of-state customer is the buyer from the Illinois florist. The out-of-state florist is not a buyer or a seller. The service he renders is similar to that rendered by the commercial airline companies. Airline X will book passage on Airline Y, yet the person for whom passage was booked is a passenger of Airline Y and will fly

on Airline Y. This is true although the passenger's order is given to Airline X and payment is made to Airline X.

This brings us to plaintiffs' principal contention that the tax on the transaction in question is an unjust discrimination against interstate commerce. In *International Harvester Co.* v. *Department of Treasury,* 322 U.S. 340, 345, 88 L. ed. 1313, 64 S. Ct. 1019, Indiana had taxed sales by an Indiana seller of Indiana goods to an out-of-state buyer who came into Indiana, took delivery there and transported the goods to another State. The court held that the agreement to sell and delivery in Indiana were adequate to sustain a sales tax by Indiana. In *State Tax Commission of Utah* v. *Pacific States Cast Iron Pipe Co.* 372 U.S. 605, 10 L. ed. 2d 8, 83 S. Ct. 925, the court in a short *per curiam* decision reversed a decision of the Utah Supreme Court holding that a tax on a Utah seller of Utah goods sold in Utah and delivered in Utah to an out-of-state buyer for use outside the State unlawfully discriminated against interstate commerce. The holding is contained in the single statement, "We reverse its [the Utah Supreme Court's] judgment on the authority of *International Harvester Co.* v. *Department of Treasury,* [citation] which holds on facts close to those of this case that a State may levy and collect a sales tax, since the passage of title and delivery to the purchaser took place within the State." 372 U.S. 605, 606, 10 L. ed. 2d 8, 9, 83 St. Ct. 925, 926.

In the *International Harvester* and *Pacific States Cast Iron Pipe* cases the principal issue was whether the certainty of interstate shipment, that is, the fact that the buyer and seller both knew the goods were purchased for use outside the State and were certain to be so used, brought the transaction within the prohibition of the commerce clause of the Federal constitution. Here we have not only an Illinois seller making a sale in this State of goods located in this State, title to which passes in this State and delivery of which is

made in this State, but the goods are purchased for use in this State and are used here. We are of the opinion that the tax measured by the proceeds of such a sale does not unlawfully discriminate against interstate commerce.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*