176 So.2d 31

**RITE TILE COMPANY, Inc.,**

**v.**

**STATE of Alabama.**

**I Div. 120.**

Supreme Court of Alabama.

June 3, 1965.

Vincent F. Kilborn, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and Jas. R. Payne, Asst. Attys. Gen., for appellee.

GOODWYN, Justice.

The State Department of Revenue made a final sales tax assessment against Rite Tile Company, Inc., doing business as Stylon of Mobile, covering the period from July 1, 1958, through June 30, 1961. Rite Tile appealed to the circuit court of Mobile County, in equity. Code 1940, Tit. 51, § 140. That court, after an oral hearing of the evidence, rendered a decree affirming the assessment. Rite Tile brings this appeal from that decree.

We find no error in the decree.

Act No. 100, appvd. Aug. 18, 1959, and made effective on October 1, 1959, Acts 1959, Vol. 1, p. 298 (included in Recompiled Code 1958, Cum.Pocket Part, as Tit. 51, § 786(2), et seq.), superseded and repealed the existing sales tax laws ("Article 10 of Chapter 20, Title 51, Code of Alabama 1940, and all acts amendatory thereof or supplemental thereto"—Act No. 100, § 35). Although the assessment period is covered in part by the sales tax laws existing prior to October 1, 1959, and in part by Act No. 100, which became effective on October 1, 1959, there is no need to refer to both laws since the pertinent provisions of both are the same. Reference will be made only to provisions of Act No. 100 and, for convenience, the corresponding provisions of the unofficial Recompiled Code 1958.

The taxpayer is a dealer in ceramic tile manufactured by Stylon Corporation of Florence, Alabama. Taxpayer's place of business is in Mobile, Alabama, although its franchise area covers South Alabama,

South Mississippi, and Northwest Florida. It employs no salesmen outside Alabama.

The bulk of taxpayer's sales is to sub-contractors who install the tile for prime contractors. The sales tax law classifies such sales as "retail sales." Act No. 100, § 1(1) (j) (Recompiled Code 1958, Tit. 51, Cum.Pocket Part, § 786(2) (1) (j)).

Taxpayer has regularly reported sales to Alabama contractors as being subject to the sales tax. However, sales to con-tractors in Mississippi and Florida have been reported as nontaxable sales, on the basis that the Commerce Clause of the United States Constitution prohibits the taxing of such sales.

During the period here involved, sales to out-of-state contractors were accom-plished in three ways: (1) Taxpayer would ship the tile to the contractor by common carrier, (2) taxpayer would de-liver the tile to the contractor in the other state, or (3) the contractor would come to taxpayer's place of business in Mobile and take delivery of the tile there. The state claims a sales tax is due only with respect to the last category.

There is no question that the tile de-livered in Mobile to the Florida and Mis-sissippi contractors was immediately trans-ported out of Alabama for use in those states, and that the taxpayer sold the tile with the knowledge it would be so trans-ported and used. There is also no question that title to the tile passed when the buyers took delivery in Alabama. As to this, the trial court made the following findings, which the evidence supports, viz.: "[T]hat the final assessment of sales tax made and entered against Appellant, is based upon a purely local activity, to-wit: the sale of tangible personal property within this state; that delivery of the tile and tile produce was made by Appellant to its cus-tomers and same were accepted and posses-sion obtained by the customers of Appellant [Rite Tile Company, Inc., the taxpayer] at the time of the sales transaction, and that said sales transaction occurred and was fully consummated within the City of Mo-bile, Alabama."

The sales tax is levied on "gross sales." Act No. 100 § 2 (Recompiled Code 1958, Cum.Pocket Part, Tit. 51, § 786(3)). Act No. 100, § 1(1) (e) (Recompiled Code 1958, Cum.Pocket Part, Tit. 51, § 786(2) (1) (e)), provides as follows:

"Section 1. Definitions.—(1) The following words, terms and phrases, when used in this Act, shall have the meanings ascribed to them in this sec-tion, except where the context clearly indicates a different meaning:

\*   \*   \*   \*   \*   \*

"(e) The term 'sale' or 'sales' in-cludes installment and credit sales and the exchange of properties as well as the sale thereof for money, *every closed transaction constituting a sale.*" [Emphasis supplied.]

■ There is no question that the sales here involved were "closed transactions." Rather, the contention is that taxation of such sales is prohibited by the Commerce Clause on the theory that, when it is within the contemplation of the parties that goods sold will be promptly transported in inter-state commerce, the sale itself is a part of an interstate transaction which may not be taxed by the state. In other words, the naked sale is only part of a continuous transaction and may not be singled out and made the subject of state taxation. This court and the United States Supreme Court have held contrary to this theory.

In State v. Mobile Stove & Pulley Mfg. Co., 255 Ala. 617, 623, 52 So.2d 693, 699, it was said:

"But, 'sales completed entirely within a state are not transactions in inter-state commerce; and this rule has been applied to a completed contract of sale between residents of a state, and a contract between citizens of different states, when the contract is made and delivery accepted in the state where

the property is situated, although the buyer intends to ship the property outside the state.' 15 C.J.S. Commerce § 26, P. 300, citing In re Conecuh Pine Lumber & Mfg. Co., D.C., 180 F. 249; Brunner v. Mobile-Gulfport Lumber Co., 188 Ala. 248, 66 So. 438. See, Dept. of Treasury of [State of] Indiana v. Wood Preserving Corp., 313 U.S. 62, 67, 61 S.Ct. 885, 888, 85 L.Ed. 1188, 1193."

Compare Hamm v. Continental Gin Company, 276 Ala. 611, 165 So.2d 392, where it was held that a sales tax was not due on gin equipment delivered to a prospective out-of-state purchaser in this state and then transported by such purchaser out of the state, unless there was a "closed transaction" in Alabama. There was no "closed transaction" in that case because title did not pass until the equipment had been installed in another state and there accepted by the purchaser. In the case now before us, title passed upon delivery of the tile to the contractors in this state.

The United States Supreme Court had occasion to decide the question now before us in State Tax Commission of Utah v. Pacific States Cast Iron Pipe Co., 372 U.S. 605, 83 S.Ct. 925, 10 L.Ed.2d 8. In that case, Utah had imposed a state sales tax on certain pipe which had been delivered in Utah by a local seller to an out-of-state buyer. It was there said:

"* * * [I]nterstate delivery is usually made by common carrier or in respondent's own equipment. The sales here involved occurred in a different manner. In each case the material was manufactured to meet the specifications of specific out-of-state jobs. The contract called for out-of-state shipment, and respondent set a destination price which included the going common carrier freight charges between the two points involved. But delivery was made and title passed to the purchaser at respondent's foundry in Provo. The purchaser then transported the pipe with its own equipment

to the predetermined out-of-state destination. The common carrier tariff was credited to the purchaser.

"The Utah Tax Commission imposed upon respondent a sales tax deficiency covering these sales.

"The Supreme Court of Utah reversed the Tax Commission, on the grounds that the certainty of interstate shipment made the imposition of the tax on these shipments unconstitutional under the Commerce Clause. [Pacific States Cast Iron Pipe Co. v. State Tax Commission,] 13 Utah 2d 113, 369 P.2d 123. We reverse its judgment on the authority of International Harvester Co. v. Department of Treasury [of State of Indiana], 322 U.S. 340, 345, 64 S.Ct. 1019, 88 L.Ed. 1313 [1317], which holds on facts close to those of this case that a State may levy and collect a sales tax, since the passage of title and delivery to the purchaser took place within the State."

■ The holding of these cases is that a sale taking place entirely within a state is an intrastate transaction, regardless of the fact that the goods sold may subsequently be transported in interstate commerce. The taxation of the sale is not taxation of interstate commerce, but of a closed, intrastate transaction.

■ On the trial below appellant introduced copies of Florida and Mississippi laws which provide for a use tax which apparently is, or could be, imposed on the tile bought in Alabama and transported to those states. A Florida contractor testified that he was so taxed. Appellant contends that since the Alabama sales tax law contains neither a provision for crediting the use taxes of other states, nor a provision for apportionment of the taxes, the imposition of the Alabama sales tax results in double taxation, which is an unconstitutional discrimination against interstate commerce. The inefficacy of this contention lies in the fact, aside from any other, that it is not interstate commerce which is

**104**

here taxed, but an intrastate transaction. That this tile may be subjected to use taxation when transported to another state does not change the fact that the sale of the tile in Alabama constituted a taxable event, which event is taxed the same as all other like events, irrespective of the ultimate destination of the merchandise.

The decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.