221 So.2d 126

**STATE of Alabama**

**v.**

**MATTHEWS ELECTRIC SUPPLY COMPANY, Inc.**

**6 Div. 609.**

Supreme Court of Alabama.

March 27, 1969.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and B. Frank Loeb, Asst. Attys. Gen., for appellant.

W. J. Sullivan, Jr., of Sadler, Sadler, Sullivan & Sharp, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a decree holding that appellee, hereinafter called Matthews, was not liable for sales tax on certain sales to Joe Wheeler Electric Membership Corporation, hereinafter called Joe Wheeler, under a sales tax imposed by the City of Hartselle. The appeal is under the provisions of Tit. 51, § 140, Code 1940.

Matthews sold electrical equipment and other tangible personal property to Joe Wheeler. These goods were transported to Joe Wheeler's office and warehouse in Hartselle from Matthews' Warehouse in Birmingham, or its branch warehouse in Huntsville or from out-of-state manufacturers. The goods were shipped to Joe Wheeler mostly by common carrier; but in rare instances, usually an emergency, the goods were delivered in trucks owned by Matthews. Joe Wheeler had the right to designate the carrier, but an employee of Matthews normally designated the carrier. But during a strike, Joe Wheeler designated the carrier because it would know which carrier could get through the picket line around Joe Wheeler's office and warehouse.

Matthews paid the transportation costs on shipments weighing over 300 pounds,

but their invoices usually read F.O.B. (free on board, freight allowed) and in most of their dealings with Joe Wheeler, Matthews prepaid the freight and Joe Wheeler reimbursed them.

An employee of Matthews, Ben Williamson, "a good will agent," called on Joe Wheeler about once a week and occasionally he picked up purchase orders, but most of the orders were mailed by Joe Wheeler to appellee's Huntsville office. All payments for merchandise were mailed by Joe Wheeler to appellee's Birmingham office. There was no written contract between Matthews and Joe Wheeler as to when title to the goods passed from appellee to Joe Wheeler.

The question presented to the trial court, and to us, was and is whether or not the transactions we have described constituted retail sales from Matthews to Joe Wheeler within the meaning of the City of Hartselle's sales tax ordinance. That ordinance, which adopts all applicable definitions in the state sales tax statute, levies a tax "(a) Upon every person, firm or corporation engaged, or continuing within the city in the business of selling at retail any tangible personal property whatsoever, including merchandise and commodities of every kind and character (not including, however, bonds or other evidence of debt or stocks), an amount equal to two per cent (2%) of the gross proceeds of sales of the business * * *," subject to exceptions and exemptions not applicable here.

It is appellant's theory that appellee is subject to the sales tax levied by the ordinance because it was engaged in the business of selling tangible personal property at retail within the City of Hartselle. This conclusion on the part of appellant is based not only upon the argument that the goods were required to be delivered to Joe Wheeler in Hartselle, title thereby passing in Hartselle, but also on the theory that appellee was doing business in Hartselle by virtue of having its sales representative

call on and solicit orders from Joe Wheeler in the City of Hartselle.

The trial court found that "the goods and merchandise sold by Matthews to Joe Wheeler were delivered by Matthews to the common carrier to be conveyed to the purchaser, Joe Wheeler, F.O.B., (freight allowed) at a point of shipment outside the City of Hartselle or its police jurisdiction;" and, under some cited authorities, that "title to the property vested in the purchaser immediately upon its delivery; and the Court further finds that no other facts or circumstances presented to the Court by way of evidence operate in derogation of the force and effect of this finding."

█ Under the provisions of Tit. 57, § 24, Code 1940, the intention of the parties determines when a contract to sell is executed, and to ascertain that intention, regard must be given to the terms of the contract, the conduct of the parties, usage of the trade and the circumstances of the case; and such intention is a question of fact rather than one of law. Hamm v. Continental Gin Co., 276 Ala. 611, 165 So. 2d 392; American Automobile Ins. Co. v. English, 266 Ala. 80, 94 So.2d 397, and cases there cited.

██ While actual delivery is of great importance in determining whether there was an intention to pass title, it is by no means conclusive. The intention of the parties, however disclosed, is conclusive on the question of the passing of title. Hamm v. Continental Gin Co., 276 Ala. 611, 165 So.2d 392; State v. Mobile Stove & Pulley Mfg. Co., 255 Ala. 617, 52 So.2d 693.

█ The general rule is that when the contract of sale is F.O.B. initial point, title to the merchandise passes on delivery to the carrier. Browne v. Giger, 221 Ala. 176, 128 So. 174; State v. Natco Corporation, 265 Ala. 184, 90 So.2d 385; State v. Pan-Am Southern Corporation, 265 Ala. 51, 89 So.2d 747. The last cited case applies this general rule in connection with

**12**

Tit. 57, § 25, Code 1940, which sets out rules for ascertaining intention.

When the evidence is conflicting, and it was heard by the trial court ore tenus, strong presumptions are indulged on appeal in favor of the correctness of the trial court's decision, and it will not be disturbed unless plainly wrong or unjust. State v. City Wholesale Grocery Co., 283 Ala. 426, 218 So.2d 140, and cases there cited.

In support of the trial court's findings, there was evidence that (1) most of Matthews' sales were made F.O.B. point of origin (Huntsville, Birmingham or factory out-of-state); (2) Joe Wheeler has the right to designate, and did, in fact, designate on some occasions, which motor freight carrier should handle the shipments; (3) Joe Wheeler recognized that if any claim was to be filed for loss or damage of freight in transit, Joe Wheeler had the burden of pursuing the matter; that Matthews' catalog notifies the customer that the customer must file claim for loss under such circumstances; (4) the customary procedure between Matthews and Joe Wheeler was for Joe Wheeler to mail its purchase orders to Matthews in Huntsville; (5) rarely would Matthews deliver an item in its own vehicle, and rarely would Ben Williamson pick up an order, and when he did, it had to be approved at either the Huntsville or the Birmingham office; (6) Matthews did not have any place of business or any employee stationed either in the City of Hartselle or in Morgan County, Alabama; and (7) all payments are mailed directly from Joe Wheeler to Matthews' Birmingham office.

We cannot say that the trial court's finding from the evidence was "plainly wrong or unjust."

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.