Appellant, Alabama Precast Products, Inc., filed a petition for writ of mandamus in the Jefferson County Circuit Court seeking a refund of sales taxes paid by the corporation. The request for the writ was denied by the trial court and the Court of Civil Appeals affirmed, 357 So.2d 981. We granted certiorari to review this decision of the appeals court.
The case was submitted to the trial court on an agreed statement of facts and briefs of the parties. The facts as stipulated show that Alabama Precast Products manufactures and sells roof slabs at its plant in Birmingham, Alabama. Because of this retail business, Alabama Precast Products purchases building materials needed to manufacture the roof slabs at wholesale.
Alabama Precast Products is also engaged in the business of performing certain construction contracts. In 1974, the corporation entered into a contract with Daniel Construction Company to "furnish and install" precast channel roof slabs on a building being constructed in Graniteville, South *Page 987 
Carolina. The roof slabs were manufactured according to contract specifications at the Alabama Precast Products plant in Birmingham from building materials withdrawn from its on-hand stock purchased at wholesale, and then taken to South Carolina and installed by employees of Alabama Precast. Products.
The total cost of manufacturing the roof slabs was $138,554.00. A 4% sales tax of $5,541.38 was paid by Alabama Precast Products to the State of Alabama. Subsequently, South Carolina demanded and was paid the same amount in sales/use taxes. Alabama Precast Products then filed a request for a refund from the State of Alabama on the grounds that it should not have to pay sales tax on the roof slabs in both states. (Alabama and South Carolina do not currently have a reciprocity agreement whereby taxes paid in one state may be credited against the payment of sales tax on building materials in another state.)
Prior to trial, the State Revenue Department agreed to refund $4,003.37, stating that the amount of $1,538.39 was due as sales tax on the cost of the raw materials withdrawn from its inventory and used in the manufacture of the roof slabs. Alabama Precast Products thereupon commenced the present action to recover the entire amount of sales taxes paid.
This appeal involves construction of Title 51, section 786 (2)(j), Code of Alabama 1940 (§ 40-23-1 (a)(10), Code 1975), which reads in pertinent part as follows:
 "The term `sale at retail' or `retail sale' shall also mean and include the withdrawal, use or consumption of any tangible personal property by anyone who purchases same at wholesale, . . . except property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same . . ."
(The parties to this appeal have agreed that section 786 (2)(j) is the only statute applicable to the facts of this case.)
It is the position of Alabama Precast Products that the compounding of raw materials to form the roof slabs according to the subcontract specifications did not constitute a "withdrawal" within the above quoted definition of a "sale at retail" or "retail sale" under subsection (j) because the materials became an ingredient of tangible personal property or products manufactured for sale to another, i.e., the roof slabs were sold "installed" to Daniel Construction Company. In other words, Alabama Precast Products contends that its subcontract with Daniel Construction Company, requiring Alabama Precast Products to "furnish and install" roof slabs is, in effect, two contracts in one — a contract to sell the roof slabs to the construction company and a contract to supply services for installation of the roof slabs on the building. Alabama Precast Products thus argues that it is entitled to a full refund of the taxes paid because the taxable event under the facts of this case occurred in South Carolina. The transaction was therefore untaxable as it constituted a sale in interstate commerce.
Numerous decisions of this court and the Court of Civil Appeals have held that the purpose of section 786 (2)(j) is to reach transactions which could not be taxed because there was a withdrawal, use or consumption by the purchaser at wholesale,but no sale by him to another. State v. Barnes, 45 Ala. App. 522, 233 So.2d 83 (1970); State v. Kershaw ManufacturingCompany, 273 Ala. 215, 137 So.2d 740 (1962); State v. T.R.Miller Mill Company, 272 Ala. 135, 130 So.2d 185 (1961). Contrary to the previously stated contentions of Alabama Precast Products, we find, as did the trial court and the Court of Civil Appeals, that there was no "sale" to another of the roof slabs by Alabama Precast Products under the requirements of its subcontract with Daniel Construction Company within the meaning of the provision of subsection (j) that excepts from the definition of "retail sale" property which enters into and becomes an ingredient or component part of tangible personal property manufactured for "sale." *Page 988 
In this case, the roof slabs were manufactured especially for
the building under construction in Graniteville, South Carolina, according to the drawings and specifications prepared by Daniel Construction Company. The raw materials withdrawn from the inventory of Alabama Precast Products therefore became ingredients or component parts of tangible personal propertyused by Alabama Precast Products in the performance of apersonal obligation under the construction subcontract. Thus the transaction qualified as a taxable "retail sale" under section 786 (2)(j). Alabama Precast Products was the ultimate consumer of the raw materials and as such was liable for the tax thereon. See Department of Revenue v. James A. Head Co.,Inc., 54 Ala. App. 136, 306 So.2d 5 (1974); Hamm v. BoeingCompany, 283 Ala. 310, 216 So.2d 288 (1968); Alabama v. King Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3 (1941).
Because we find that Alabama Precast Products did not sell
roof slabs to Daniel Construction Company in Graniteville, South Carolina, we note that the corporation's contention concerning sales in interstate commerce is also without merit. The withdrawal of the building materials was a retail sale under section 786 (2)(j). This event occurred in Birmingham, Alabama, and thus constituted a closed, taxable transaction within this state. The fact that the raw materials were used to manufacture roof slabs which were later transported and used outside the state did not transform this retail sale into a sale in interstate commerce. See Rite Tile Company v. State,278 Ala. 100, 176 So.2d 31 (1965).
For the foregoing reasons, the decision of the Court of Civil Appeals is hereby affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.