This is an appeal by Home Tile and Equipment Company, Inc., from an adverse judgment rendered by the Circuit Court of Mobile County in a sales tax assessment case.
In its judgment, the trial court found that Home Tile and Equipment Company, Inc., (hereinafter taxpayer) was engaged in installing carpets in homes built in Mississippi on a contract basis. The court further found that in order to fulfill these contracts, taxpayer withdrew from its inventory carpets which had previously been purchased at wholesale. That withdrawal from inventory, the court concluded, constituted a retail sale within the purview of Tit. 51, § 786 (2)(j), Code of Ala. 1940 [§ 40-23-1 (a)(10), Code of Ala. 1975], and therefore subject to sales tax. The taxpayer appeals.
At the outset, we note § 40-23-1 (a)(10), in pertinent part, as follows:
 "The term `sale at retail' or `retail sale' shall also mean and include the withdrawal, use or consumption of any tangible personal property by anyone who purchases same at wholesale, except property which has been previously withdrawn from the business or stock and so used or consumed and with respect to which property the tax has been paid because of such previous withdrawal, use or consumption, . . . and such wholesale purchaser shall report and pay the taxes thereon."
With the above in mind, a review of the record is necessary for an understanding of the issue in this case.
The taxpayer is in the business of selling, at wholesale and retail, carpeting, linoleum, tile, and other flooring related materials and supplies. The record indicates that the appellant does not pay a tax when it purchases carpeting and other flooring materials at wholesale.
The transaction giving rise to the tax assessment in the instant appeal involved an agreement by the taxpayer with a contractor building houses in Mississippi. Specifically, taxpayer agreed to furnish the labor and flooring materials on all of the builder's houses being constructed in Mississippi.
This agreement was carried out in the following manner. The builder would call the taxpayer, identify a house as ready for carpet by location and plan, and would indicate what carpet was to be installed in each room. Taxpayer would then arrange for carpet installers to install the carpet. These installers would pick up the carpet at the taxpayer's warehouse in Mobile and transport it to the Mississippi building sites. Upon completion of the job, the installers *Page 238 
would bill the taxpayer who would then in turn bill the Mississippi builder for labor and materials. Taxpayer would then pay the installers.
A final assessment was made by the Alabama Department of Revenue against the taxpayer for unpaid sales taxes, allegedly due on these transactions between taxpayer and the Mississippi builder.[1] This tax deficiency of approximately $7,100 was premised on withdrawals by taxpayer of flooring materials for use in fulfilling contracts to furnish and install flooring as outlined above. As previously indicated, Code of Ala. 1975, §40-23-1 (a)(10), was used as the basis for such tax assessment.
Taxpayer appealed this tax assessment to the Circuit Court of Mobile County pursuant to Code of Ala. 1975, § 40-2-22. As noted above, the trial court sustained the assessment. Hence, this appeal.
The taxpayer contends the transaction in question amounted solely to a sale consummated in Mississippi and that the withdrawal provision of the Alabama sales tax statute is not applicable. Specifically, taxpayer argues that the withdrawal of merchandise from its inventory was merely a step in a chain of actions leading to a completed sale of the withdrawn items in Mississippi. In support of its argument, taxpayer points to the fact that title to the goods did not pass until they were accepted by the Mississippi builder. Along the same line, appellant contends that, due to the above, there was no "close" transaction in Alabama making the sales subject to the Alabama sales tax. We cannot agree.
It is well settled that the purpose of § 40-23-1 (a)(10) [formerly Tit. 51, § 786 (2)(j)] is to reach and tax transactions which would not be taxed because there was a withdrawal, use, or consumption by the purchaser at wholesale but no sale by him to another. See State v. KershawManufacturing Co., 273 Ala. 215, 137 So.2d 740 (1962); State v.Helburn Co., 269 Ala. 164, 111 So.2d 912 (1959).
As noted above, taxpayer was a purchaser at wholesale. Taxpayer paid no sales tax on the flooring supplies and carpets when it purchased them at wholesale. Contrary to the contentions of the taxpayer, we find, as did the trial court, substantial evidence to show there was no sale of flooring materials to the Mississippi builder. These materials were withdrawn from the inventory of the taxpayer to be used by the taxpayer in its obligation to furnish and install carpeting for the Mississippi builder. Thus, the withdrawal of the materials from inventory qualified as a taxable "retail sale" under §40-23-1 (a)(10). See Department of Revenue v. James A. Head Co., Inc., 54 Ala. App. 136, 306 So.2d 5, cert. denied 293 Ala. 751, 306 So.2d 12 (1974); Ex parte Alabama Precast Products,Inc., 357 So.2d 985 (Ala., 1978).
Taxpayer argues that the tax assessment judgment is in error because there was no "close" transaction occurring in the state. In support of this argument, it points to the fact that the carpet was installed in Mississippi and that the sale was not final until the builder approved the job.
The law in Alabama, however, proves to be to the contrary. Rule W9-011, promulgated by the State of Alabama Department of Revenue on November 13, 1970, provides in pertinent part that:
"Withdrawal from Stock, Contractors
 "Contractors who are both making retail sales and withdrawing for use in fulfilling a contract from the same stock of goods are to purchase at wholesale all of the goods so sold or used and report both retail sales and withdrawals for use under the Sales Tax Law.
 "Materials, supplies, equipment or any other tangible personal property which is purchased at wholesale and subsequently withdrawn for use in fulfilling a contract within or without the State are subject to the tax and are to be included in the *Page 239 
gross proceeds of sales. The value to be placed upon such goods is the price paid for them by the person withdrawing them."
This court in Department of Revenue v. James A. Head Co.,Inc., supra, noted that "contractor" has been defined generally as one who formally undertakes to do anything for another,Stocking v. Johnson Flying Service, 143 Mont. 61, 387 P.2d 312
(1963), or one who contracts to furnish a product or service to another. Grand Rapids Gravel Co. v. State Department ofTreasury, 14 Mich. App. 677, 166 N.W.2d 53 (1968). A "contractor" has also been understood to be the person who undertakes to supply labor and materials for specific improvements under a contract with an owner or principal. SeeMoorhead v. Grassle, 254 Minn. 103, 93 N.W.2d 678 (1958).
As noted above, the evidence reveals that the taxpayer had undertaken an obligation to supply the labor and flooring materials that the Mississippi builder required in building his homes in Mississippi. It is clear to this court that the taxpayer falls within the purview of Rule W9-011 and Ex parteAlabama Precast Products, Inc., supra, and that taxpayer was subject to taxation due to the withdrawal of the goods to fulfill its contract with the Mississippi builder.
In view of this court's finding that the taxpayer did not sell flooring materials to the Mississippi builder in Mississippi, the taxpayer's contention that this transaction is a sale in interstate commerce is without merit. The withdrawal of the flooring materials was a retail sale under § 40-23-1
(a)(10). This withdrawal occurred in Mobile, Alabama, and thus constituted a closed, taxable transaction within this state. The fact that the flooring materials were transported and used out of the state did not transform this retail sale into a sale in interstate commerce. The taxation of the sale was a taxation of an intrastate transaction. See Ex parte Alabama PrecastProducts, Inc., supra; Rite Tile Company v. State, 278 Ala. 100, 176 So.2d 31 (1965).
The taxpayer further contends that the imposition of a sales tax under § 40-23-1 (a)(10) would result in double taxation. As noted above, the taxpayer has already paid approximately $11,000 in sales tax in Mississippi in which no credit can be given. This contention fails in that it is not interstate commerce which is being taxed, but an intrastate transaction. That the installation of the carpet in Mississippi may be subjected to a tax in Mississippi does not change the fact that the withdrawal of the goods constituted a taxable event irrespective of the ultimate destination of the goods. See RiteTile Company v. State, supra.
The above being dispositive of the issues in this case, the trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We would note that a sales tax of approximately $11,000 was paid the State of Mississippi by the taxpayer on the transactions with the Mississippi builder. Alabama and Mississippi do not have a reciprocity agreement whereby sales tax paid in one state may be credited against the payment of sales tax in the other state on transactions of this type.