BRADLEY, Judge.
Plaintiff appeals from a judgment rendered in favor of defendant.
Everett P. Johnson was employed by Merrill Lynch, Pierce, Fenner and Smith as an account executive for the period August 1969 to March 1978. Although no written contract of employment was entered into by the parties, Merrill Lynch did periodically publish and distribute manuals and brochures which, among other things, described the methods of compensation of account executives. These publications were made known to all account executives of Merrill Lynch, including Johnson.
One of these manuals was issued in 1974 and provided that account executives were to receive a salary plus semiannual incentive compensation based among other factors on the account executive’s performance during the year. This policy specifically provided that Merrill Lynch does not pay commissions to its account executives. The incentive compensation is a reward not only for production but also for many other reasons, both tangible and intangible, such as new responsibilities, new accounts, absence of errors, expenses and quintile rankings. In 1977 Merrill Lynch published a new manual styled “Account Executive Compensation Plan” apparently as a supplement to the other manuals and brochures relating to total compensation for account executives. It is provided in the 1977 compensation plan that the total compensation of account executives contains five elements, two of which are base salary and incentive compensation. An account executive is not to receive incentive compensation unless it is earned. Furthermore an account executive leaving the employ of Merrill Lynch will not have any claim to incentive compensation distributed after the date of his or her departure.
Plaintiff was fired by Merrill Lynch on March 16, 1978 for exercising “time and price discretion” in trading commodities. Johnson had been made aware that such activity by an account executive was contrary to Merrill Lynch policy and that it was a termination offense. No incentive compensation was given to Johnson for the January-March 1978 quarter as a result of his termination.
Johnson filed suit against Merrill Lynch contending that he was entitled to $8,278.03 as incentive compensation for the last quarter of his employment.
After a hearing, the trial court, sitting without a jury, held that Johnson had violated company policy by exercising “time and price” discretion and was therefore not entitled to incentive compensation for the period in question. From this judgment Johnson appeals.
Johnson contends here that he had a contract of employment and that his compensation was to be paid in accordance with the “1977 Account Executive Compensation Plan.” He further contends that he is entitled to receive the incentive compensation provided therein unless he should voluntarily “leave” Merrill Lynch’s employ before the incentive compensation is distributed. He says that he was fired and thus did not leave voluntarily.
Merrill Lynch replies that incentive compensation is not a commission to be paid after it is earned but is a reward not only for production but also for compliance with its rules and other factors. The determination of how much incentive compensation an account executive is to receive is left to the discretion of the local manager and in this instance the local manager decided that Johnson should not receive any incentive compensation because of the failure to comply with company rules.
The trial court found that incentive compensation was to be paid, if at all, by the local manager based on criteria set out in the various policy manuals and brochures issued by Merrill Lynch; that one of the factors that could be considered in making such a decision was compliance with the rules promulgated by Merrill Lynch for trading in commodities; that plaintiff un-disputedly violated the rule against discretionary transactions and was terminated; and that the account executive compensation plan which permits Merrill Lynch to refuse to pay incentive compensation to an *58 account executive who leaves its employ before distribution is made includes either involuntary leaving or voluntary leaving.
Findings of fact made by a trial court after an ore tenus hearing will be presumed correct absent an abuse of discretion and if supported by the evidence. State v. Matthews Electric Supply Co., 284 Ala. 9, 221 So.2d 126 (1969). The evidence is sufficient in the case at bar to support the trial court’s finding.
The record reveals that two former managers of the local Merrill Lynch office testified that the award of incentive compensation to an account executive was discretionary based on the criteria set out in the various manuals and brochures circulated to its employees. They further stated that the 1977 compensation plan was only a supplement to the other policy manuals relating to compensation and that a local manager had complete discretion in giving incentive compensation and the amount, based on the various criteria already mentioned. One of those criteria was compliance with Merrill Lynch rules relating to commodities trading. There was also testimony to the effect that the word “leave” in the 1977 compensation plan covered employees leaving voluntarily or involuntarily.
Johnson argues, however, that he was promised a bonus or commission by the 1977 compensation plan and that when he performed the conditions of his employment a contract was created which entitled him to the incentive compensation even though his employment had been terminated. For this position Johnson relies on Mutual Savings Life Insurance Co. v. Montgomery, Ala., 347 So.2d 1327 (1977) and James A. Head & Co. v. Rolling, 265 Ala. 328, 90 So.2d 828 (1956). We do not consider either case applicable here. Both of the cited cases are concerned with sales commissions which were earned prior to discharge.
Although Johnson contends that he earned the $8,278.03 in commissions before he was terminated and was therefore entitled to be paid, production is not the only factor involved in being paid incentive compensation in the present case. Here there are many more factors to be considered other than production before the decision is made to pay incentive compensation. Furthermore all of the criteria to be considered in arriving at the amount of incentive compensation are subjective, /. e., the local manager has the sole discretion in deciding how much compensation he will pay an account executive after a consideration of the criteria listed in the policy manuals. That is what happened here; the manager decided that Johnson had failed to comply with the rules of the company and had been terminated therefor and, as a result, was not entitled to incentive compensation. We find no abuse of discretion in such holding and find the following from American Security Life Insurance Co. v. Moore, 37 Ala. App. 552, 72 So.2d 132 (1954) to be supportive of this conclusion:
The question of the right to a bonus by an employee whose employment is terminated before the bonus becomes payable is said to depend upon such matters as whether there is a contract for a definite period of employment, whether the termination of the employment is by the employer for sufficient cause, or is wrongful, or is the result of a voluntary abandonment of the service by the employee.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.