WRIGHT, Presiding Judge.
Santiam Midwest Lumber Company (San-tiam) brought suit against Ryder Truck Lines, Inc. (Ryder) for money allegedly due by account. The basis of the claim was that Ryder had sold some lumber at public auction to satisfy freight and storage charges which had accrued during Ryder’s transport of the lumber. Santiam claimed to have owned the lumber in question, thereby sustaining a loss upon Ryder’s sale of it. The trial court, sitting without a jury, entered judgment for Santiam. Ryder appeals.
Although somewhat confusing, the following sequence of events is the apparent cause of the conflict. Santiam is a lumber broker and maintained an office in Decatur, Alabama. In April 1978 Santiam “booked” two loads of lumber from American Forest Products (American) for sale to two different buyers. The load of # 3 pine lumber had been sold by Santiam to a retail lumber dealer in Alabama. The # 1 pine lumber had been sold by Santiam to Taylor Lumber Company (Taylor), another broker, who in turn had contracted to sell it to Bellevue Building Supply (Bellevue) in Schenectady, New York. American had booked the # 1 lumber at its mill in Lumpkin, Georgia. The # 3 lumber had been booked by American at its mill in Vredenburgh, Alabama. Through mistakes and miscommunications not resolved by the evidence, Taylor sent its carrier, Ryder, to the American mill at Vre-denburgh, Alabama, instead of to the American mill at Lumpkin, Georgia, where the # 1 lumber was located. At Vreden-burgh, American loaded the # 3 lumber onto the Ryder truck and Ryder transported it to Bellevue in Schenectady, New York. Bellevue refused the lumber as non-conforming. The Ryder driver contacted his dispatcher for instructions. Ryder consulted with Taylor who referred Ryder to San-tiam. Santiam told Ryder to return the # 3 lumber to Alabama. Upon returning to Alabama, Ryder put the # 3 lumber in storage pending payment of the freight charges due. After notification to all known interested parties, payment for the freight and accumulated storage was not forthcoming so Ryder sold the # 3 lumber at auction and applied the proceeds to its charges. Santiam, claiming ownership of the lumber, brought suit against Ryder on an account theory. The trial court awarded a judgment in favor of Santiam for their cost of the lumber, plus a five percent profit, plus interest from the date Santiam *968 could have expected payment from the intended customer. The award totaled $4,522.84.
The main issue presented on appeal is whether there is sufficient evidence to support the judgment. We find, as a matter of law, that there is not.
Santiam’s complaint alleged only one theory of recovery, account. The complaint was never amended and as Ryder contends, the evidence does not support recovery on an account theory. A suit on account, being an action in assumpsit, must be founded upon a contract, either express or implied. Marsala v. Gulf Shores Building Supply, Inc., 367 So.2d 479 (Ala.Civ.App.1979). According to the record before us, Santiam had no such contractual relationship with Ryder.[1]
The question of whether the pleadings might be deemed amended to conform to some other theory of recovery under Rule 15(b), A.R.C.P. need not be reached. Santiam’s evidence presented in the trial court and its arguments in its brief on appeal clearly predicate Ryder’s liability upon Santiam’s title to the lumber in question.[2]
Section 7-2-^401(2), Code (1975) provides: Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods....
Section 7-2-319(l)(a), Code (1975) provides:
When the term is F.O.B. the place of shipment, the seller must at that place ship the goods in the manner provided in this article ... and bear the expense and risk of putting them into the possession of the carrier. ...
The general rule is that when a contract of sale is F.O.B. initial point, title to the merchandise passes to the buyer on delivery to the carrier. State v. Matthews Electric Supply Company, 284 Ala. 9, 221 So.2d 126 (1969).
In the instant case, Santiam contracted with American to purchase the # 3 pine lumber F.O.B. the American mill. Such an agreement imposes upon American the duty to place the lumber in the possession of Santiam or its designated carrier pursuant to § 7-2-319, supra. Santiam itself denies that Ryder was in any manner authorized by Santiam to transport the # 3 lumber. Therefore, American did not deliver the lumber into the possession of San-tiam’s carrier. The result is that pursuant to § 7-2-401, supra, American (seller) did not complete its performance with respect to physical delivery of the lumber. Title never passed to Santiam but remained in American. Santiam’s subsequent voluntary payment to American of the price of the lumber did not vest Santiam with title. Although Santiam may have suffered some legal wrong by American, it cannot, by payment to American, generate a claim against Ryder.
We would note, lastly, that the trial court’s order of judgment is, on its face, unsupported by the findings of fact stated therein. The judgment reads in pertinent part:
They [Santiam] claim to have owned lumber at a mill in Alabama, and other lumber at a mill in Georgia.... Through an error not explained, the defendant transported the lumber from the Alabama mill to the New York firm. Upon the failure of the plaintiff to pay the transportation charges ... the lumber was sold by the defendant to recover these charges.
After hearing the evidence in this case, the Court finds that the plaintiff did not participate in any authorization of the defendant to pick up the lumber in Alabama. ... All arrangements for the erroneous transportation of the lumber to New York, though unexplained by the evidence, were made by other persons. (Emphasis supplied.)
*969 The court then states that the plaintiff should recover and computes the amount of the award.
Where the trial judge does not make an express finding of a particular fact, we will assume on appeal that he found that fact, if such a finding was necessary, to support his judgment. Hawk v. Biggio, 372 So.2d 303 (Ala.1979). In the instant case, however, the trial court, by its own judgment, acknowledges the following: (1) Santiam only claimed to own the lumber; (2) Ryder was not an agent of Santiam; and (3) the error in the loading and transportation of the # 3 lumber was unexplained by the evidence.
• The judgment of the trial court is not supported by the evidence and is due to be reversed and judgment entered in favor of Ryder Truck Lines, Inc.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.

. We are not here concerned with the possible liability of any other participant in the misdirection of the # 3 lumber.

. We frankly do not perceive, under the evidence, any legal claim Santiam has against Ryder.