567 So.2d 190 (1990)
MISSISSIPPI STATE TAX COMMISSION, C.A. Marx, Ph.D., Commissioner
v.
Doyle Reed BATES, d/b/a Bates Carpet Mall.
No. 07-CA-58912.
Supreme Court of Mississippi.
August 1, 1990.
*191 James Pounds, Corinth, Bobby R. Long, Jackson, for appellant.
Rhett R. Russell, Timmons Randle & Russell, Tupelo, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and BLASS, JJ.
BLASS, Justice, for the Court:
This case involves additional sales tax assessments by the Mississippi State Tax Commission against Doyle R. Bates in the initial amount of $40,451.12. These assessments were made on the sales of carpets following an audit done on his Tupelo, Mississippi, store, and his Red Bay, Alabama, store. Of the $40,451.12, $39,816.39 resulted from sales made by the Red Bay, Alabama, store, and $634.73 resulted from sales made by the Tupelo store.
The assessments against sales at the Red Bay Carpet store were based on the gross receipts of over 1000 sales by Doyle Bates to Mississippi customers and were only made where a labor or delivery charge was reflected on the sales invoice. When customers purchased carpet from the Red Bay, Alabama, store, the customer could specify a particular installer, install themselves, or accept the store's recommendation of one of two local Red Bay installers. If the customer had no specific installer preference, then the store would inform the local installers. The local installers usually came by the store every morning to see if there was any business for them. The store would note on the invoices who needed installation.
The carpet prices charged by the store did not include installation costs, and the carpet store had never purchased, supplied, or maintained installation equipment. The installers assumed responsibility for the carpets once the carpets were loaded on their trucks for installation. Neither the carpet store nor Doyle R. Bates supervised or maintained control over the details or the final results of the installers' work. If the customer paid the carpet store the installers' fee, the carpet store would keep the fee for the installers to pick up.
The case was first heard and decided adversely to Bates by the Board of Review of the Mississippi State Tax Commission. Thereafter, Bates appealed to the full commission which upheld the assessment. Bates then paid the sales taxes and filed this suit for refund in Chancery Court. At the start of the trial in Chancery Court, Bates' attorney withdrew that part of the lawsuit seeking a refund on the $634.73 in taxes assessed against the Tupelo, Mississippi, store.
Following the trial, the Chancery Court entered its opinion and decree ordering the Mississippi State Tax Commission to refund $40,051.22, plus interest. The Chancery Court found[1] that Bates' sales were *192 closed sales in the State of Alabama and not subject to Mississippi's sales tax. The Chancery Court further found that the two local Red Bay Alabama installers were not agents or employees of Bates. The Chancellor found, as undisputed facts, that the plaintiff did not deliver or install floor covering, that only two small installation businesses were present in the Red Bay area, and concluded that title to the carpet passed to the purchaser at the moment of sale in the store. The court found that the carpet store remained the bailee until the installers picked up the carpet at the appellee's Alabama store location.
The Mississippi State Tax Commission appealed from the decision of the Chancery Court designating the following issue:
I. WHETHER THE CHANCERY COURT ERRONEOUSLY FOUND THAT DOYLE R. BATES' SALES TO MISSISSIPPI CUSTOMERS WERE CLOSED SALES IN THE STATE OF ALABAMA.
II. WHETHER DOYLE R. BATES' ACTIVITIES HAD SUFFICIENT NEXUS WITH MISSISSIPPI TO JUSTIFY MISSISSIPPI'S SALES OR USE TAX BEING ASSESSED AGAINST DOYLE R. BATES.
III. WHETHER THE SALES TAX ASSESSED BY THE MISSISSIPPI STATE TAX COMMISSION AGAINST DOYLE BATES DISCRIMINATED AGAINST INTERSTATE COMMERCE IN VIOLATION OF THE UNITED STATES CONSTITUTION.
We have reviewed the assignments of error and affirm the decision of the Chancellor. In cumulating the assignments of error for discussion, we find that the Mississippi Tax Commission reached an erroneous legal conclusion as to where the sales took place. See State Hwy. Comm'n v. New Albany Gas Syst., 534 So.2d 204 (Miss. 1988) (providing standard of review *193 for administrative decisions); Eidt v. City of Natchez, 421 So.2d 1225 (Miss. 1982) (same). The sales in issue were Alabama sales, not Mississippi sales.
A transaction is "closed" when title passes[2], which is usually the time of performance. Weeks Dredging & Contracting v. State Tax Comm'n, 521 So.2d 884, 888 (Miss. 1988); see also Miss. Code Ann. §§ 27-65-3(f), (h) (Supp. 1989); 27-65-9 (1972); Mississippi State Tax Commission Sales and Use Tax Rule 60. We find that there was substantial evidence to support the Chancellor's determination that the title to the carpet passed in Alabama, and that the sales were closed sales in Alabama. Hence, we can not find the Chancellor manifestly in error.
Bates' carpet store in Alabama did not avail itself of the substantial privilege of carrying on business within Mississippi, and there is no constitutional basis for the tax assessment. Id.; Marx v. Truck Renting and Leasing Association, 520 So.2d 1333, 1342 (Miss. 1987). For a tax to withstand a commerce clause challenge, it must satisfy the following test:
(1) the tax must be applied to an activity with a substantial nexus with the taxing state;
(2) it must be fairly apportioned;
(3) it must not discriminate against interstate commerce, and
(4) it must be fairly related to the services provided by the state.
Weeks Dredging & Contracting v. State Tax Comm'n, 521 So.2d at 889. The failure to meet one prong renders the tax invalid. Id. at 890. Nonetheless, the mere fact that income is generated outside this state will not prevent taxation of that income, for purposes of the commerce clause and a due process challenge, so long as there is a nexus between the tax and the transactions within the taxing state. Marx, 520 So.2d at 1343.
In order to satisfy the minimal connection prong of the four prong test, the corporation being taxed must avail itself of "the substantial privilege of carrying on business within the state." Id. at 1343. The taxing power exerted by the state must bear a fiscal relation to protections, opportunities, and benefits given by the state so that the state may properly ask return for what it has given the taxpayer. Id. In determining whether the first prong is met, the inquiry must focus on the underlying activities conducted within the state and in order for the taxpayer to avoid such taxation it must show the income was derived from activities unrelated to activities conducted within the taxing state. Id. We find, as did the Chancellor, that the assessment in issue failed the first prong of the commerce clause challenge.
Neither Bate's Alabama store nor its agents or employees conducted business in the State of Mississippi. The record contains substantial evidence to support the Chancellor's finding that the two local Red Bay, Alabama, carpet installers were independent contractors, not agents or employees of Bates. See Kight v. Sheppard Bldg. Supply, 537 So.2d 1355, 1358 (Miss. 1989) (question of whether either an agency or independent contractor relationship exists presents a question of fact); Elder v. Sears, Roebuck & Co., 516 So.2d 231, 232-33 (Miss. 1987) (same). The local installers received no compensation from Bates' carpet store, and the installers provided their own equipment and were not subject to the control of Bates in the details or final results of their work. But see Mississippi Employment Security Comm'n. v. Plumbing Wholesale Co., 219 Miss. 724, 69 So.2d 814, 817 (1954) (in action for a refund of state unemployment taxes paid by plumbing company, court found that since the company engaged laborer to unload cars, had the right to control him and exercised such right when necessary, then a *194 relationship of master and servant existed, and no refund was granted). Compare Mississippi Power & Light Co. v. Walters, 248 Miss. 206, 158 So.2d 2, 26, motion to correct judgment sustained, 248 Miss. 208, 160 So.2d 908 (1963) (Court determined that a public hauler and his employees were independent contractors and not employees of a drilling company for whom hauler was installing overhead insulation wires at a drilling site as part of operation of loading and removing drilling equipment to a new well site).
We have determined that there is an insufficient nexus between the tax and transactions taking place in this state to support the exaction of the tax. The decision of the Chancellor is therefore affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] The Chancery Court made the following findings of fact:

... . At all pertinent times, apparently Red Bay had the benefit of only two small carpet and floor covering installation businesses, neither of which were under the direction or control of Bates. These installers maintained independent places of business utilizing their own equipment, trucks, tools and employees as well as providing their own insurance. They filed their own separate state and federal tax returns. Customers of Bates who did not pick up his own carpet or have a preference as to an installer would receive gratuitous assistance from Bates who attempted to equally refer installation and delivery work between the two local installers. Moreover, Bates collected and held the customer's funds for such installation, allowed the carpet to remain in storage until picked up by the applicable installer, and delivered the customer's funds for delivery and installation services to the applicable installer. Bates' responsibility for the sold carpet and vinyl covering, other than duties arising out of bailment and the workmanship and quality of the product itself, terminated upon such product being removed from his Red Bay store by the customer or the installer on behalf of the customer. Bates retained no control over products subsequent to passing of title at his business outlet.
Bates sold carpet and vinyl floor covering to customers who resided in Mississippi; however, these sales transactions were completed in Alabama. Neither Bates, his employees, nor other agents sold, delivered or installed any carpet or vinyl floor covering within Mississippi.
All funds of applicable customers received by Bates for delivery and/or installation were notated separately on applicable sales invoices as either "labor" or "installation", notated and segregated on a separate ledger and held in trust. Bates did not profit, financially or otherwise, from referring an installer to a customer or by holding the installation fee or the carpet of a customer for an installer.
All applicable sales negotiations and transactions were conducted and completed at Bates' Red Bay carpet outlet. Each sales transaction, upon which the Commission assessed the sales tax being disputed in this cause, involved a purchaser who resided in Mississippi and carpet or floor covering which was purchased at the Red Bay outlet and thereafter delivered into Mississippi by the purchaser.
Commission personnel conducted audits of Bates' books and records at his Red Bay facility resulting in the assessments being questioned in this litigation. Commission agents assessed sales tax against each of Bates' invoices which reflected a Mississippi resident and either "labor" or "delivery" on the face thereof.
The Alabama Department of Revenue assessed and collected Alabama Use Tax as to each and every applicable sales transaction upon which Mississippi caused to be assessed and collected a Mississippi sales tax. Such Alabama Tax was based upon Bates' withdrawal from his inventory, being construed as a sales transaction... .
Under Alabama and Mississippi laws, for tax purposes, sales are closed when title to goods passes to the purchaser. The intention of the parties to a sales contract is a question of fact. Such intention is ascertained from terms of the sales contract, the conduct of the parties, and the circumstances of the case. State v. Delta, 356 So.2d 1205 (Ala. 1978); State v. Matthews, 284 Ala. 9, 221 So.2d 126 (1969); State v. Pure Vac Dairy, 251 Miss. 457, 170 So.2d 274 (1964); Hamm v. Continental Gin, 276 Ala. 611, 165 So.2d 392 (1964); Mississippi State Tax Commission v. Columbia Gulf, 249 Miss. 88, 161 So.2d 173 (1964).
The sales in question were intrastate sales solely within the State of Alabama and thus constitute a closed, taxable transaction within that state. "The fact that the floor materials were transported and used out of State did not transform this retail sale into a sale in interstate commerce. The taxation of the sale is a taxation of an intrastate transaction." Home Tile and Equipment v. State, 362 So.2d 236, 239 (Ala. 1978).
Bates' activities did not have sufficient nexus within Mississippi to justify Mississippi Sales or Use Tax being assessed against Bates.
The sales tax assessed by the commission in this cause discriminated against interstate commerce and is unconstitutional under the commerce clause of the United States Constitution....
[2] Alabama adheres to the rule that sales tax may be imposed on sales "closed" within Alabama. Weeks Dredging & Contracting v. State Tax Com'n, 521 So.2d 884, 888 (Miss. 1988); Oxmoor Press, Inc. v. State, 500 So.2d 1098, 1100 (Ala. Ct. App. 1986); see also Alabama Commercial Code, § 7-2-401(2) (provides that title passes upon shipment when the seller does not engage to deliver at a destination); Ala. Code Ann. §§ 40-23-38 (setting forth that state's sales tax provisions).